## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Joshua Burgos-Soto, a Special Agent with the Drug Enforcement Administration (DEA), being duly sworn, deposes and states as follows:

## INTRODUCTION

1.      I am a Special Agent with the DEA, and have been since June 2025. My duties are to investigate crimes related to the trafficking, unlawful use, and distribution of drugs, and to enforce Title 21 violations of the United States Code. Prior to becoming a Special Agent with DEA, I was a Special Agent in the Bureau of Alcohol, Tobacco, Firearms and Explosives for approximately six years. I have received training and have participated in criminal investigations, including investigations relating to narcotics smuggling, firearms trafficking, amongst others. I have conducted arrests of persons engaged in illegal drug activities and executed search warrants of homes and property of persons engaged in drug trafficking. I have become particularly knowledgeable in the area of criminal investigations relating to violations of the federal firearms and narcotics statutes. Through my training and experience, I have become familiar with the modus operandi of drug traffickers, which includes the use of maritime vessels to facilitate the transportation of drugs and money.

2.      Because of my personal participation in this investigation, and because of information provided to me by other agents and officers, as well as my personal observations, I am familiar with the facts and circumstances of this investigation. Because of the limited purpose of this affidavit, I have not recited each and every fact known to me as a result of this investigation. My experience in investigating drug offenders, my education, my conversations with more experienced DEA agents and chemists, and my specialized training, formed a basis of the opinions and conclusions set forth below, which I drew from the facts set forth herein.

3. As a result of my personal participation, I have become familiar with all aspects of this investigation and believe that there is probable cause to believe the following offenses were committed by Alexander MALVAR-TORMER, Edicson M. HERNANDEZ-MARIN, Alexcar G. CARABALLO-FARIAS and Christian GARCIA-BRITO: Conspiracy to Possess with Intent to Distribute approximately five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance and Possession with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Sections 841 and 846.

### FACTS ESTABLISHING PROBABLE CAUSE

4. On July 12, 2025, during the early morning hours, Customs and Border Protection Air & Marine Operations (CBP-AMO) received information regarding a suspicious vessel traveling toward a beach located in the Municipality of Maunabo, Puerto Rico. CBP-AMO launched a marine asset and located the suspicious vessel (the TARGET VESSEL).

5. CBP-AMO then observed that the TARGET VESSEL was stationary in the water approximately one nautical mile away from Playa Mario, Manuabo, Puerto Rico. Upon approaching the TARGET VESSEL, CBP-AMO further observed the TARGET VESSEL traveling without navigational lights, during night time, bearing no visible registration or indicia of nationality. At this time, CBP-AMO observed four individuals aboard the TARGET VESSEL.

6. CBP-AMO then activated its law enforcement blue lights and siren, announced their police presence, and gave lawful commands to the occupants of the TARGET VESSEL. The TARGET VESSEL then sped away and a pursuit commenced.

7.      During the pursuit, CBP-AMO observed the occupants of the TARGET VESSEL throw overboard what appeared to be bale-shaped objects. CBP-AMO agents also observed fuel containers onboard the TARGET VESSEL.

8.      During the pursuit, the TARGET VESSEL attempted to ram the CBP-AMO vessel multiple times. CBP-AMO then fired warning shots. Subsequently, CBP-AMO observed the four individuals jump out of the TARGET VESSEL into the water without stopping the TARGET VESSEL, which continued to operate without anyone at the helm. CBP-AMO fired disabling shots to the engines of the TARGET VESSEL.

9.      CBP-AMO detained two male individuals who jumped into the water. They were later identified as Venezuelan Nationals Edicson M. HERNANDEZ-MARIN and Alexcar G. CARABALLO-FARIAS.

10.     After the pursuit, CBP-AMO observed several bales aboard the TARGET VESSEL. Based on the training and experience of the CBP-AMO Officers, the bales were consistent with the packaging and shape of kilogram bricks of narcotics. Approximately 16 bales of suspected cocaine were found onboard the TARGET VESSEL, weighing a total of approximately 457 kilograms.

11.     CBP-AMO agents then transported HERNANDEZ-MARIN, CARABALLO-FARIAS, and the bales of brick shaped objects found onboard the TARGET VESSEL to CBP-AMO Ceiba office.

12.     Puerto Rico Police Bureau (PRPB) units responded to Playa Mario and assisted CBP-AMO. A concerned citizen that lives in the vicinity of Playa Mario contacted PRPB regarding an individual walking in the concerned citizen's backyard.

13. PRPB agents assisting CBP-AMO then responded to the concerned citizen's call and detained an individual later identified as Alexander MALVAR-TORMER. Upon encountering MALVAR-TORMER, PRPB agents observed he was trying to hide from law enforcement. Furthermore, MALVAR-TORMER's clothing was wet.

14. Approximately thirty minutes later, PRPB agents received another call from another concerned resident in the vicinity of Playa Mario, regarding an individual walking down the road. PRPB officers assisting CBP-AMO in Playa Mario responded. PRPB observed a male walking by himself, with a bottle of water, covered in sand. PRPB officers detained the male, who was later identified as Christian GARCIA-BRITO.

15. MALVAR-TORMER, HERNANDEZ-MARIN, and CARABALLO-FARIAS stated, during separate and individual post-arrest interviews, that each knew they were transporting cocaine, that the drug smuggling venture was destined to Puerto Rico, and that each would be getting paid upon a successful drug smuggling venture. All three men were shown an unmarked photograph of GARCIA-Brito, and each individual stated that GARCIA-Brito was aboard the TARGET VESSEL.

16. On July 12, 2025, DEA HIDTA Fajardo personnel conducted a field a test of the suspected cocaine at DEA Guaynabo office. The field test yielded presumptive positive results for Cocaine HCL.

## CONCLUSION

Based upon my training, experience, and participation in this investigation, I submit that there is probable cause to believe that Alexander MALVAR-TORMER, Edicson M. HERNANDEZ-MARIN, Alexcar G. CARABALLO-FARIAS and Christian GARCIA-BRITO have committed the following violations of federal laws: Conspiracy to Possess with Intent to

Distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance and Possession with Intent to Distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, all in violation of Title 21, <u>United States Code</u>, Sections 846 and 841(a)(1) and (b)(1)(A)(ii).

    I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

                                              *Digitally signed by JOSHUA BURGOS SOTO*
                                              *Date: 2025.07.12 15:40:05 -04'00'*

                                          Joshua Burgos Soto
                                          Special Agent
                                          Drug Enforcement Administration

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 6:08 PM on July 12, 2025, in San Juan, Puerto Rico.

_____
MARSHAL D. MORGAN
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO